09-3002-cr
United States v. Lewis

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of December, two thousand ten.

PRESENT: REENA RAGGI,
DEBRA ANN LIVINGSTON,
DENNY CHIN,
*Circuit Judges*.

------------------------------------------------------------
UNITED STATES OF AMERICA,
*Appellee*,

v.                                                        No. 09-3002-cr

EVERTON LEWIS,
*Defendant-Appellant*.
------------------------------------------------------------

FOR APPELLANT:        Anthony Servall Chilliest, Donaldson, Chilliest & McDaniel LLP, New York, New York.

FOR APPELLEE:         Michael L. Yaeger, Assistant United States Attorney (Susan Corkery, Assistant United States Attorney, *on the brief*), *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, New York.

Appeal from the United States District Court for the Eastern District of New York (Brian M. Cogan, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of conviction entered on July 9, 2009, is AFFIRMED.

Defendant Everton Lewis was convicted, following a jury trial, of one count of conspiracy to transfer false documents and means of identification, see 18 U.S.C. § 1028(f), two counts of aggravated identity theft, see id. § 1028A, and two counts of making a false statement in a passport application, see id. § 1542. He was sentenced principally to three years' imprisonment, and a forfeiture judgment of $35,000 was entered against him. On appeal, Lewis does not challenge his false statements convictions. Rather, he contends that the conspiracy and identity theft convictions were not supported by sufficient evidence and that the conspiracy conviction was further infected by a duplicitous charging instrument. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.    Sufficiency

A defendant mounting a sufficiency challenge bears a heavy burden because, although our standard of review is de novo, we must view the evidence in the light most favorable to the government, drawing all reasonable inferences in its favor, including those pertaining to credibility. See United States v. Heras, 609 F.3d 101, 105 (2d Cir. 2010); United States v. Sabhnani, 599 F.3d 215, 241 (2d Cir. 2010). We will reverse only if we conclude that no

2

reasonable jury could find guilt beyond a reasonable doubt based on the totality of the evidence. See United States v. Heras, 609 F.3d at 105-06. That is not this case.

a. Conspiracy to Transfer False Documents

The evidence presented to the jury provided ample ground for concluding beyond a reasonable doubt that Lewis was engaged in a conspiracy to provide non-U.S. citizens with fraudulent birth certificates to support their applications for United States passports. Lewis's January 2006 facsimile communication to co-conspirator Stephen Edusah was clear, direct proof of Lewis's intent to engage in the fraudulent conspiracy. Therein, he admits that, in return for a per-person payment of $5,000, he can secure United States passports for non-U.S. citizens – "[n]o more immigration" – by paying off "a lot of people." Trial Tr. at 140; Gov't Ex. 10. Although Lewis suggests that Edusah alone was involved in the fraud, Edusah testified that Lewis was both his source for the falsified birth certificates that were submitted with the passport applications and the person who trained him to fill out the applications. We must assume the jury credited this testimony and drew all reasonable inferences therefrom in the prosecution's favor. See United States v. Salmonese, 352 F.3d 608, 619 (2d Cir. 2003). Contrary to Lewis's contention that there was no evidence of his personal involvement in the conspiracy, Edusah also testified that Lewis personally provided a birth certificate to at least one passport applicant, Yunus Quadri. Moreover, Edusah's testimony was corroborated by, inter alia, the testimony of Genevieve Boohene, Marlon Cole,[1] and

_____

[1] Lewis's attack on Cole's testimony is unavailing. Lewis did not renew his motion to strike Cole's testimony due to his memory loss, thereby waiving this objection, see Fed. R. Evid. 103, and in any event, Cole testified that his memory loss did not affect his

Kemelie Gordon, all of whom confirmed Lewis's central role in the scheme to transfer fraudulent birth certificates. On this record, a reasonable jury could certainly have found Lewis guilty.

> b. Identity Theft

The evidence was also sufficient to permit the jury reasonably to find that Lewis engaged in the knowing theft of other persons' identities for purposes of obtaining United States passports for his brother, Mark Lewis, and nephew, Gurion Wilson. See Flores-Figueroa v. United States, 129 S. Ct. 1886, 1894 (2009); United States v. Tureseo, 566 F.3d 77, 86 (2d Cir. 2009). The fraudulent passport applications for Mark Lewis and Wilson, which the government's handwriting expert confirmed were completed by Lewis, contained the names, social security numbers, and dates of birth of Jeremy Cummings and Marlon Richards, respectively. Cole testified that he had arranged for Lewis to meet Cummings and Richards after Lewis asked him for introductions to "friends that are citizens, because [he] need[ed] their ID to help [his] brother get back into the country." Trial Tr. at 471-72. In addition, Special Agent Anna Zeiger testified that she interviewed both Cummings and Richards, thus confirming their existence, and that passport applications containing their identity information, but bearing the photographs of Mark Lewis and Wilson, were submitted to the State Department. Thus, the evidence presented at trial was sufficient to support conviction on the identity theft counts.

---

recollection of the events in this case. Here again, we must assume the jury resolved any credibility dispute in favor of the prosecution. See United States v. Salmonese, 352 F.3d at 619.

2.    Duplicity

Lewis submits that the conspiracy count of conviction was duplicitous in charging two distinct criminal schemes as one.  See Fed. R. Crim. P. 8(a);  United States v. Aracri, 968 F.2d 1512, 1518 (2d Cir. 1992) (holding indictment is duplicitous "if it joins two or more distinct crimes in a single count").  Since the alleged duplicitous character of the conspiracy count appears on the face of the indictment, Lewis could have moved to dismiss this count before trial.  His failure to do so constitutes waiver.  See Fed. R. Crim. P. 12(b)(3); United States v. Sturdivant, 244 F.3d 71, 76 (2d Cir. 2001); United States v. Viserto, 596 F.2d 531, 538 (2d Cir. 1979).

Even if we were to reach the merits of this claim, we would easily conclude that the there was no duplicity problem.  The conspiracy count charged Lewis with a single criminal agreement to transfer false documents and means of identification that would be carried out in more than one way:  (1) the transfer of false birth certificates; and (2) the transfer of means of identification of real persons such as names and dates of birth.  Such a pleading is not duplicitous.  See United States v. Aracri, 968 F.2d at 1518 ("[I]t is well established that the allegation in a single count of a conspiracy to commit several crimes is not duplicitous, for the conspiracy is the crime and that is one, however diverse its objects." (internal quotation marks and brackets omitted)); see also United States v. Murray, 618 F.2d 892, 896-98 (2d Cir. 1980).

3.    Conclusion

We have considered Lewis's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of conviction is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court